# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| JERMAINE BANKS, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 5:15-06979 |
| BUREAU OF PRISON FCI BECKLEY, WEST VIRGINIA, *et al.*, | ) |
| Respondents. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## FACTUAL AND PROCEDURAL HISTORY

**1. Criminal Action No. 1:07-0157:**

By Amended Information filed on August 27, 2007, Petitioner was charged with one count of knowingly and intentionally possessing with the intent to distribute 5 grams or more of

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 1:07-0157, Document No. 16.) Also on August 27, 2007, Petitioner waived his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and pled guilty to the Information. (Id., Document Nos. 17 - 20.) A Presentence Investigation Report was prepared. (Id., Document No. 34.) The District Court determined that Petitioner had a Base Offense Level of 26, and a Total Offense Level of 31, the Court having applied an eight-level enhancement pursuant to U.S.S.G. § 4B1.1 because Petitioner met the criteria for career offender status, and a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id., Document No. 35.) The District Court sentenced Petitioner on February 19, 2008, to serve a 192-month term of incarceration to be followed by a four-year term of supervised release. (Id., Document Nos. 33 and 36.)

Petitioner filed a Notice of Appeal on March 4, 2008. (Id., Document No. 37.) Trial counsel filed an Anders Brief challenging the reasonableness of Petitioner's sentence. On April 10, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Banks, 320 Fed.Appx. 198 (4th Cir. 2009).

**2.    Section 2255 Motion:**

On March 8, 2010, Petitioner filed a "Challenge to the United States District Court Application of Sentence Enhancement." (Criminal Action No. 1:07-0157, Document No. 58.) First, Petitioner alleged that the District Court improperly determined him to be a career offender pursuant to U.S.S.G. § 4B1.1.[2] (Id.) Next, Petitioner asserted that trial counsel was ineffective in

---

[2]   Petitioner argued that his prior state court convictions were improperly considered as predicate convictions for purposes of classifying him as a career offender under U.S.S.G. § 4B1.1(a). Specifically, Petitioner asserted that his prior convictions for "delivery of a controlled substance" and "felony manufacture, sale, or possession of a controlled substance" were improperly considered because his prior convictions did "not imply any violent act, nor any serious felony drug conviction." (Criminal Action No. 1:07-0157, Document No. 58, pp. 2 - 3.)

failing to present mitigating circumstances surrounding his prior, non-violent, state court conviction. (Id.) Finally, Petitioner argued that the District Court imposed a sentence in violation of 18 U.S.C. § 3553(a). (Id.) The Clerk's office filed the above document as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id.)

On March 29, 2010, Petitioner filed a "Motion to Withdraw Previously Filed Pleading Construed as a Motion Under 28 U.S.C. 2255, or Alternatively, Motion for Leave to Amend and Extension of Time." (Id., Document No. 61.) Petitioner explained that he did not intend for his "Challenge to the United States District Court Application of Sentence Enhancement" to be construed as a Section 2255 Motion. (Id.) Therefore, Petitioner requested that the Section 2255 Motion be (1) dismiss without prejudice, or (2) he be allowed 60 days to amend his Section 2255 Motion. (Id.) By Order entered on January 16, 2013, United States Magistrate Judge R. Clarke VanDervort denied Petitioner's Motion for Extension of Time as moot by the passage of time. (Id., Document No. 75.) Judge VanDervort noted that Petitioner had more than adequate time to obtain his case file and to file any necessary amendments to his Section 2255 Motion. (Id.) By Proposed Findings and Recommendation entered on February 19, 2013, Judge VanDervort

---

At the time of Petitioner's sentencing, U.S.S.G. § 4B1.1(a) provided that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." According to his Presentence Report, Petitioner pled guilty on September 29, 1999, in the Circuit Court of McDowell County, West Virginia, to "Delivery of a Controlled Substance - Crack Cocaine" (99-F-67) and was sentenced to one to fifteen years. (Criminal Action No. 1:07-0157, Document No. 34, p. 11, ¶ 55.) On March 15, 2005, Petitioner pled guilty in the Circuit Court of Tazewell County, Virginia, to "Felony Manufacture, Sale, or Possession of a Controlled Substance" and was sentenced to ten years. (*Id.*, p. 14, ¶ 68.) Petitioner contended that his above convictions did not meet the requirements of U.S.S.G. § 4B1.1(a)(3). U.S.S.G. § 4B1.1(a)(3) required that the defendant have "at least two prior felony convictions of either a crime of violence *or* a controlled substance offense." Petitioner clearly had two prior felony controlled substances convictions. There was no requirement that the felony conviction for a controlled substance offense be a violent crime.

recommended that Petitioner's Section 2255 Motion be denied. (Id., Document No. 76.) By Memorandum and Opinion Order entered on March 11, 2013, United State District Judge David A. Faber adopted Judge VanDervort's recommendation and dismissed Petitioner's Section 2255 Motion. (Id., Document Nos. 78 and 79.)

Petitioner filed a Notice of Appeal. (Id., Document No. 77.) On July 23, 2013, the Fourth Circuit dismissed Petitioner's appeal. (Id., Document No. 84.) On August 15, 2013, Petitioner filed in the Fourth Circuit a petition for rehearing seeking an enlargement of time to file Objections to the Magistrate Judge's Report and Recommendation." (Id., Document No. 87.) By Order filed on September 25, 2013, the Fourth Circuit denied Petitioner's petition for rehearing and notified Petitioner that he "must seek relief, if it all, by filing a Fed. R. Civ. P. 60(b) motion for reconsideration in the district court." (Id., Document No. 89.) On October 15, 2013, Petitioner filed a Motion for Reconsideration in this Court requesting additional time to file Objections to Judge VanDervort's Proposed Findings and Recommendation. (Id., Document No. 91.) On February 14, 2014, Petitioner filed a letter-form Motion for Extension of Time to file Objections to Judge VanDervort's Proposed Findings and Recommendation. (Id., Document No. 94.) By Memorandum Opinion and Order entered on March 14, 2014, Judge Faber denied Petitioner's above Motions. (Id., Document No. 95.) On April 14, 2014, Petitioner filed his Notice of Appeal. (Id., Document No. 97.) On November 12, 2014, the Fourth Circuit dismissed Petitioner's appeal. (Id., Document Nos. 102 and 103.)

**3.  Section 3582 Motion:**

On March 12, 2015, Petitioner, acting *pro se*, filed a Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) arguing that he was entitled to a sentence reduction

4

based the retroactive application of the November 1, 2014, amendment to the United States Sentencing Guidelines. (Id., Document No. 107.) By Memorandum Opinion and Order entered on January 12, 2016, the District Court appointed counsel to represent Petitioner concerning his Section 3582(c)(2) Motion and directed that the United States file a Response. (Id., Document No. 108.) On January 12, 2016, the United States filed its Response arguing that Petitioner was not eligible for a sentencing reduction under the 2014 drug amendment. (Id., Document No. 109.) On January 22, 2016, Petitioner, by counsel, filed his memorandum conceding that Petitioner was not eligible for a reduction of his sentence. (Id., Document No. 110.) By Memorandum Opinion and Order entered on March 25, 2016, the District Court denied Petitioner's Motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). (Id., Document No. 111.)

**4.     Instant Section 2241 Petition:**

On June 1, 2015, Petitioner filed his Section 2241 Petition arguing that the Bureau of Prisons ["BOP"] is improperly classifying him due to the use of Petitioner's Presentence Investigation Report that contains erroneous information. (Civil Action No. 5:15-06979, Document No. 1.) Petitioner alleges that the foregoing has affected his custody level, housing, and programming. (Id.) Petitioner explains that in his underlying criminal proceedings, he was charged with 17 grams of crack cocaine and 56 grams of powder cocaine. (Id.) Petitioner states that he only pled guilty to the 17 grams of crack cocaine, but "in my PSR they calculated the 56 grams of powder cocaine that gave me an extra 2 level enhancement." (Id.) Petitioner asserts that he "never plead guilty to the powder cocaine for them to use against [him]." (Id.) Petitioner, therefore, contends that the BOP is incorrectly "using the 56 grams of powder cocaine against

5

[him]." (Id.) Accordingly, Petitioner requests that his Presentence Report be corrected and his custody classification be recalculated. (Id., p. 4.)

As Exhibits, Petitioner attaches the following: (1) A copy of his Plea Agreement (Id., pp. 10 – 14.); (2) A copy of the "Judgment in a Criminal Case" as filed in Criminal Action No. 1:07-00157 (Id., p. 15.); (3) A copy of pertinent pages from Petitioner's Presentence Report (Id., pp. 16 – 17.); (4) A copy of a letter addressed to United States District Judge David A. Faber dated March 9, 2015 (Id., p. 18.); (5) A copy of a letter addressed to Assistant United States Attorney Miller Bushong dated March 9, 2015 (Id., p. 19.); (6) A copy of a letter addressed to United States Probation Officer Alexander Alvarez dated March 9, 2015 (Id., p. 20.); and (7) A copy of Warden Joe Coakley's Response to Request for Administrative Remedy dated March 27, 2015 (Id., p. 21.).

**5. Request for Authorization to File a Successive Section 2255 Motion:**

On August 9, 2016, Petitioner filed with the Fourth Circuit a Request for Authorization to File a Successive Section 2255 Motion pursuant to 28 U.S.C. § 2244. (Criminal Action No. 1:07-0157, Document No. 112.); In re: Jermaine Donnell Banks, Case No. 16-3029 (4th Cir.). In support, Movant attached a copy of his successive Section 2255 Motion asserting the following grounds: (1) Ineffective assistance of counsel and prosecutorial misconduct resulting in an unknowing and involuntary guilty plea; (2) "Petitioner is entitled to specific performance of the plea agreement in which Petitioner plead guilty to 17 grams of cocaine base and nothing else;" and (3) "The U.S. Probation and U.S. District Court both erred when determining drug quantity attributable to Petitioner resulting in two (2) level or two (2) point increase in his Total Offense Level."[3] (Id., Document Nos. 112-1 and 112-2.) By Order filed on August 16, 2016, the Fourth

---

[3] Petitioner asserted nearly identical arguments in his Petition for Writ of *Audita Querela*. (Civil

Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. (Id., Document No. 114.)

**6.     Petition for Writ of *Audita Querela*:**

On October 17, 2016, Petitioner filed his a "Petition for Writ of Audita Querela" pursuant to 28 U.S.C. § 1651. (Id., Document No. 115.) First, Petitioner argued that he is entitled to relief under the All Writs Act because "his sentence was correct when imposed, but became incorrect (unconstitutional) after the judgment." (Id., pp. 6 - 7.) Petitioner stated that at the time of the sentencing, the District Court correctly applied the Sentencing Guidelines as mandatory. (Id.) Citing United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), Petitioner states that the Sentencing Guidelines are now advisory. (Id.) Second, Petitioner argued that relief under Section 2255 is unavailable because his Section 2255 Motion would now be untimely and successive. (Id., pp. 7 - 8.) Petitioner acknowledged that the Fourth Circuit would not grant authority to file a successive Section 2255 Motion based upon Booker because "the Supreme Court has not made Booker retroactive for purpose of a Section 2255 Motion." (Id., p. 7.) Finally, Petitioner argued that "there exist serious questions to the constitutional validity to 28 U.S.C. §§ 2255 and 2241." (Id., p. 10.)

After concluding that he was entitled to seek relief pursuant to a petition for writ of *audita querela*, Petitioner sets forth the following grounds for relief: (1) Petitioner "is entitled to have his sentence vacated and resentenced pursuant to the terms set forth in the plea agreement by reason of ineffective assistance of counsel" (Id., pp. 17 - 23.); (2) Petitioner "is entitled to specific performance of the plea agreement and to have his sentence reduced as a direct result of the Government's prosecutorial misconduct, deception, and breach of plea agreement" (Id., pp.

---

Action No. 16-9822, Document No. 115.)

24 - 28.); and (3) "The U.S. Probation Office and the U.S. District Court both erred when determining the drug quantity attributable to Petitioner resulting in a two point increase in his total offense level when characterized and sentenced as a career offender pursuant to the United States Sentencing Guidelines." (Id., pp. 29 - 32.) In support, Petitioner explained that although he plead guilty to 17 grams of cocaine base, the District Court increased Petitioner's Base Offense Level by two-level based upon 57.6 grams of powder cocaine. (Id., p. 15.) Petitioner asserted that the forgoing resulted in a breach of his plea agreement because he only plead guilty to 17 grams of cocaine base. (Id.) Petitioner further argued that the foregoing evidences that Petitioner "did not enter a plea that was knowingly, intelligently, and voluntarily made." (Id., p. 16.) Finally, Petitioner explained that he was provided "misleading advice and information . . . by defense counsel and the Assistant U.S. Attorney that he would only be held liable and accountable for 17 grams of cocaine base." (Id., p. 16.)

By Proposed Findings and Recommendation entered on March 22, 2017, the undersigned recommended that Petitioner's Petition for Writ of Audita Querela be denied. (Id., Document No. 119.) By Memorandum and Opinion Order entered on May 26, 2017, United State District Judge David A. Faber adopted the undersigned's recommendation and denied Petitioner's Petition for Writ of Audita Querela. (Id., Document Nos. 121 and 123.)

**STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v.

Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Petitioner's allegations in view of applicable law.

## **DISCUSSION**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court finds that Petitioner claims are not cognizable under Section 2241 because he is challenging the conditions of his confinement.[4] A Section 2241

---

[4] In support of his Petition, Petitioner cites *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992). Petitioner reliance on *Sellers* is misplaced. This case involved an inmate filing an action under the Privacy Action against the BOP and the Parole Commission claiming that the agencies maintained incorrect information in his inmate file. *Id.* The D.C. Circuit determined that the BOP and Parole Commission did not satisfy the requirements of the Privacy Act by simply noting in the inmate's file that the inmate disputed information contained therein. *Id.* at 312. The Court determined that the "Privacy Act requires that each agency keeping a system of records must maintain those records with 'such accuracy, relevance, timeliness, and completeness as is reasonably necessary' to assure fairness to an individual." *Id.* The D.C. Circuit concluded that "[b]ecause the challenged information in Mr. Seller's files was capable of being verified, the agency did not satisfy the requirements of the Privacy Act simply by noting in this files that he disputed some of the information the files contained." *Id.* Contrary to Sellers, the BOP clearly verified the correctness of Petitioner's Presentence Report. The BOP contacted the United States Probation Office that prepared the Presentence Report in order to verify the correctness of the report. (Document No. 1, p. 21.) The United States Probation Office advised the BOP that a review of Petitioner's Presentence Report was conducted and there were no errors in the

9

petition is used to attack the manner in which a sentence is executed, e.g., time credit calculations. Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). "If a prisoner seeks a 'quantum change' in his level of custody such as freedom, his remedy is habeas corpus." Campbell v. Deboo, 2011 WL 1694454, * 2 (N.D.W.Va. May 4, 2011). If a prisoner, however, "seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law." Id.; also see Biedrzycki v. O'Brien, 2011 WL 6748505 (N.D.W.Va. Oct. 14, 2011)(dismissing petitioner's Section 2241 claim where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence"). In the instant case, Petitioner argues that his custody classification is improperly calculated based upon inaccurate information contained in his Presentence Report. Thus, Petitioner complains that the erroneous classification has had adverse effects upon his "custody level, housing, and programming." Therefore, the undersigned recommends that Petitioner's claims be construed and considered under Bivens.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages

---

guideline calculations. (*Id.*)

resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A Petitioner asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away expressly or by implication, in the original sentence to confinement." Id. at 343. The Supreme Court held in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), that inmates have a liberty interest in avoiding confinement conditions that impose "atypical or significant hardship on the inmate in relations to the ordinary incidents of prison life." Id., 515 U.S. at 484, 115 S.Ct. at 2300 (citations omitted). Recently, the Fourth Circuit determined that Sandin "does not hold that harsh or atypical prison conditions in and of themselves provide the basis of a liberty interest giving rise to Due Process protection." Prieto v. Clarke, 780 F.3d 245, 249 (4th Cir. 2015). Rather, the Fourth Circuit explained that inmates must *first* establish an interest in

"avoiding onerous or restrict confinement conditions" arising from a policy or regulation (e.g. a policy or regulation mandating periodic review). Incumaa v. Stirling, 791 F.3d 517, 527 (4th Cir. 2017)(citing Prieto, 780 F.3d at 249). If the inmate can establish such an interest, the inmate must then establish that the conditions experienced by the inmate constituted atypical and significant hardship in relation to the ordinary incidents of prison life. Id.

In the instant case, the undersigned finds that Petitioner cannot satisfy the first prong under Sandin because there is no mandatory BOP regulation and policy requiring a particular security classification. Neither Section 3621(b) nor the BOP's Program Statement (P.S. 5100.08) contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in a particular security classification. Title 18, U.S.C. § 3621(b) clearly vests the BOP with broad discretionary authority as to prisoners' placement and classification while incarcerated. 18 U.S.C. § 3621. The language of this statute which provides that the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable," is clearly permissive; the statute does not *mandate* that the BOP place a prisoner in a certain facility.[5] Additionally, P.S. 5100.08 allows the BOP to use its "professional judgment" in

---

[5] Title 18 U.S.C. § 3621 provides that the BOP may consider the following in determining placement of prisoners:
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court state imposed the sentence - -
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 994(a)(2) of Title 28.

deciding an inmate's classification. Specifically, P.S. 5100.08[6] states as follows:

> It should be clearly understood that the Custody Classification Form only recommends an inmate's custody. The Unit Team and/or Warden is the final review authority. The intent of the Custody Classification system is to permit staff to use professional judgment within specific guidelines.

P.S. 5100.08, Chapter 6, p. 1. Thus, the "classification and transfer of inmates among authorized institutions is peculiarly an administrative function fully within the discretion given to prison officials." O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991); also see Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)(stating that "[p]rison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security").[7] Furthermore, federal prisoners have no constitutional or inherent right to receive a particular security or custody classification. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due

---

[6] P.S. 5100.08 sets forth the BOP's policies and procedures for the inmate classification system. P.S. 5100.08 provides that "classification of inmates is necessary to place each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society."

[7] Petitioner appears to allege that the BOP erred in determining the number of points attributed under his Criminal History Score, which resulted in his higher security classification. P.S. 5100.08, however, provides that the BOP is allowed to use its "professional judgment" in deciding custody classification and "[c]ustody changes are not dictated solely by the point total." P.S. 5100.08, Chapter 6, pp. 1 - 2. Thus, Petitioner is merely speculating that his security level would be reduced if points were removed from his Criminal History Score.

process."). The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994), cert. denied, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); see also Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); Posey v. Dewalt, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), appeal dismissed by, 215 F.3d 1320 (4th Cir. 2000), cert. denied, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Further, nothing in the record indicates that Petitioner's conditions of confinement at FCI Beckley were atypical or resulted in a significant hardship, the undersigned finds that Petitioner has failed to demonstrate a due process violation. Therefore, Petitioner does not possess a constitutionally protected interest in his inmate classification.

Notwithstanding the foregoing, the undersigned will consider Petitioner's claim that his Presentence Report contains incorrect information and the BOP is improperly classifying Petitioner based upon this alleged incorrect information. (Document No. 1.) Petitioner complains that the Probation Officer and the Court improperly determined Petitioner's Base Offense Level. (Id.) Petitioner explains that he only pled guilty to the 17 grams of crack cocaine, but "in my PSR they calculated the 56 grams of powder cocaine that gave me an extra 2 level enhancement." (Id.) Petitioner asserts that he "never plead guilty to the powder cocaine for them

to use against [him]." (Id.) Thus, Petitioner claims his Presentence Report is incorrect because his Base Offense Level should have been based only on his guilty plea of 17 grams of crack cocaine. (Id.) It is well established, however, that drug weight from dismissed counts and uncharged conduct can be used as relevant conduct in determining a defendant's base offense level. U.S.S.G. § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994)(The sentencing court may consider conduct underlying dismissed charges as relevant conduct in determining the appropriate sentence under the federal sentencing guidelines); also see United States v. Miranda, 381 Fed.Appx. 258, * 1 (4th Cir. 2010)(citing Jones, 31 F.3d at 1316)(finding the district court did not err by including as relevant conduct the drug quantities included in the dismissed charges); United States v. Barber, 119 F.3d 276, 283-84 (4th Cir. 1997)(rejecting defendant's argument that the court could not rely upon uncharged or dismissed conduct in determining the guideline range); United States v. Batchelor, 2015 WL 4602319, * 3 (W.D.Va. July 30, 2015)("[I]t is well established that a sentencing court can use relevant conduct, even from dismissed or acquitted counts, in fashioning a sentence."); Mason v. United States, 2014 WL 3662815, * 5 (N.D.W.Va. July 22, 2014)("[D]rug weight from dismissed counts and uncharged conduct can be used as relevant conduct in determining the base offense level."). Accordingly, Petitioner's claim that his Presentence Report contains incorrect information is without merit.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1.) as a Complaint filed pursuant to

Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), **DISMISS** Petitioner's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 14, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge